**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L Wagoner, | No. CV-26-03543-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Local 428 Trustees of the Operating Engineers Health and Welfare Trust Fund, | |
| Defendant. | |

Plaintiff Gary L. Wagoner "is an out-of-network Arizona licensed healthcare provider" who provided medical services to a participant in the Local 428 Trustees of the Operating Engineers Health and Welfare Trust Fund ("the Fund"). (Doc. 1-3 at 7.) After the Fund "systematically denied or underpaid" claims Wagoner submitted, he filed suit against it in state court. (Doc. 1-3 at 8.) The Fund removed the case to federal court and filed a motion to dismiss, arguing any state-law claims are preempted by ERISA and Wagoner cannot pursue any ERISA claim on behalf of the participant. The Fund is correct, and this case is dismissed.

## I.   Background

From March 2019 to December 2020, Wagoner provided medical services to a participant in the Fund. (Doc. 1-3 at 8.) Wagoner submitted claims to the Fund for those services totaling $378,971.62. (Doc. 1-3 at 8.) The Fund denied Wagoner's claims and he filed his complaint in state court on April 6, 2026. (Doc. 1-3 at 3.) Wagoner's complaint describes the Fund as "a self-funded ERISA welfare benefit plan," and he purports to be

pursing state-law claims or, alternatively, ERISA claims. (Doc. 1-3 at 7.) The complaint asserts state-law claims for untimely payment of claims, "bad-faith claims handling," and "consumer fraud." (Doc. 1-3 at 9.) In the alternative, the complaint alleges "claims for benefits under ERISA § 502(a)(1)(B)" as well as claims "for equitable relief and fiduciary surcharge under ERISA § 502(a)(3)." (Doc. 1-3 at 9.) Wagoner filed proof of service in state court purportedly establishing the Fund was served on April 7, 2026. (Doc. 1-3 at 24.)

On May 12, 2026, Wagoner applied for entry of default, but there is no evidence the state court entered default. (Doc. 1-3 at 25.) On May 19, 2026, the Fund removed the case to federal court.[1] The Fund then filed a motion to dismiss arguing the state law claims are preempted, the governing plan document did not allow Wagoner's patient to assign Wagoner the right to sue the Fund, and the claims are untimely. (Doc. 6.) Wagoner opposed that motion, arguing an issue regarding default but also addressing the merits.

## II.    Analysis

Wagoner's initial argument in opposition to the motion to dismiss is the default entered in state court "remains effective and requires denial of the motion." (Doc. 9 at 2.) Wagoner does not provide any evidence showing default was entered before removal. Even assuming default had been entered, any delay in appearing was brief, the Fund has now appeared, and the Fund has meritorious defenses. Allowing the default to remain (assuming it was entered) would be appropriate only in "extreme circumstances." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). No such circumstances exist, so any default is vacated and the court must assess the merits of the Fund's motion.

The Fund claims Wagoner's state-law claims are preempted by ERISA. In the last four years, Wagoner has filed many similar suits asserting similar state-law claims. "After removing those actions to federal court, several defendants successfully moved to dismiss

[1] Wagoner asserts "[d]efault was entered against Defendant on May 15, 2026 which was eight days before removal and remains of record in the state-court docket." (Doc. 9 at 1.) The state court docket shows his application for entry of default was filed on May 12 and docketed on May 15. (Doc. 1-3 at 2.) There is no evidence default was entered. And claiming May 15 was "eight days before removal" is incorrect because the notice of removal was filed on May 19, 2026.

under the theory that [Wagoner's] state-law claims were preempted by ERISA." *Wagoner v. JPMorgan Chase & Co.*, No. CV-25-02826-PHX-DWL, 2025 WL 2837422, at *2 (D. Ariz. Oct. 7, 2025). The decisions from those cases provided Wagoner with the governing law for determining ERISA preemption and explained why the state-law claims in those suits were preempted. *Id.* Despite this case raising the same type of claims, Wagoner does not address the governing law nor identify any way in which his state-law claims might avoid preemption. In fact, Wagoner describes his ERISA claims as "alternative" claims, apparently conceding his state-law and ERISA-based claims rely on the same set of underlying facts. (Doc. 9 at 2-3.) Those underlying facts center on the Fund's allegedly "improper processing of a claim for benefit." *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 603 (9th Cir. 2024) (simplified). Such claims are preempted, so the state-law claims are dismissed. *Id.*

Wagoner's only possible claims are those brought under ERISA, but he is not bringing them on his own behalf. "As a non-participant health care provider, [Wagoner] cannot bring claims for benefits on [his] own behalf. [He] must do so derivatively, relying on [his] patients' assignments of their benefits claims." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014). However, "[a]nti-assignment clauses in ERISA plans are valid and enforceable." *Id.* So if the relevant plan document contains an anti-assignment clause, Wagoner cannot bring ERISA claims on his patient's behalf.

The Fund argues the governing plan contained an anti-assignment clause. Wagoner disagrees and argues this issue cannot be resolved at the pleading stage, allegedly because the Fund provided the incorrect version of the applicable plan. (Doc. 9 at 3.) Wagoner attaches what he views as the correct version of the plan, but the crucial portion of Wagoner's attachment is identical to what the Fund submitted.

ERISA plan documents are often deemed incorporated into the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th

Cir. 2006). Incorporation is not permitted when a document's authenticity is in dispute, and Wagoner attempts to invoke that exception. But although Wagoner claims the Fund provided an incorrect version of the document, the document he provided contains the same relevant language. Assuming there is some difference between the parties' submissions, the court will simply use what Wagoner attached.

Wagoner cites to the plan language that "[a]ll benefits are payable to the eligible participant" but the "participant may, by written assignment, request that benefits be paid to a provider." (Doc. 9 at 6) (emphasis added). Wagoner apparently believes that means the plan allows for assignments. The plan language allows a participant to "request" direct payment to a provider, but that does not mean a participant can assign his rights to payment. A later section of the plan removes any doubt that assignments are prohibited. A few paragraphs below the portion Wagoner cited, the plan states "Coverage and your rights to receive any benefits under this Plan may not be assigned." (Doc. 9 at 7.) And to avoid the exact argument Wagoner is making, the plan also stated "[a] direction to pay a provider is not an assignment of any right under this Plan or under ERISA[,] is not an assignment of rights respecting anyone's fiduciary duty, and is not an assignment of any legal or equitable right to institute any court proceeding." (Doc. 9 at 7.) This definitive language means Wagoner cannot pursue the ERISA claims.

The Fund presents an additional argument regarding timeliness but there is no need to reach that issue because Wagoner is not entitled to assert the claims in the first place. It would be futile to allow Wagoner to amend the complaint because he will not be able to avoid the anti-assignment provision that he attached to his own filing.

**IT IS ORDERED** the Moton to Dismiss (Doc. 6) is **GRANTED**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 4th day of August, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -